IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM A. WHITE,**

        **Petitioner,**

vs.                                          Case No. 18-cv-1168-DRH

**WILLIAM TRUE**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in U.S. Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction. Petitioner is serving a 384-month sentence after being convicted in four separate actions. (Doc. 1, p. 1). At issue in this litigation is his conviction in *United States v. White*, No. 13-cr-013 (W.D. Va. 2014). Petitioner requests that the Court grant the writ of habeas corpus, vacate his conviction, and remand the case back to the Western District of Virginia. *Id*.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

1

reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## **The Petition**

Petitioner was charged with sending threatening emails to his wife, demanding that she pay him $400 in violation of 18 U.S.C. § 875(b). (Doc. 1, p. 2). Petitioner was sentenced to 92 months' imprisonment on May 1, 2014. *Id*. Petitioner filed a direct appeal, which was denied on January 7, 2016. *Id*. Petitioner filed a § 2255 motion on April 1, 2016. *Id*. He filed an Amended § 2255 motion on October 3, 2016. *Id*. During the course of the proceedings, Petitioner moved to unseal certain discovery in the underlying criminal matter. *Id*. The court granted that motion the same day it denied the § 2255 motion, on May 31, 2017. (Doc. 1, pp. 2-3). Petitioner concedes that he actually received the search warrant affidavits at issue here sometime between May 1, 2017, and May 26, 2017, but argues that he could not have raised them before the ruling on his first § 2255 motion on May 31, 2017. (Doc. 1, pp. 3-4). Petitioner alleges that the search warrants relied on in his criminal case are materially false, and that therefore, all of the evidence presented at trial was inadmissible, justifying his release. (Doc. 1, pp. 4-5).

Petitioner filed a second § 2255 motion in the Western District of Virginia on March 1, 2018. (Doc. 1, pp. 5-6). In that proceeding, Petitioner argued that he was unable to secure the search warrant affidavits in his original § 2255 proceedings, despite his reasonable diligence and that they constituted newly

discovered evidence showing his innocence. (Doc. 1, p. 6). Despite Petitioner's arguments to the contrary, his second § 2255 motion was denied as second or successive because it was based on factual issues that existed at the time of the first petition. *Id*.

Petitioner argues that he has new evidence, not previously available to him during his first § 2255 proceeding, that justifies relief under § 2241. (Doc. 1, p. 6). Petitioner further alleges that he has triggered the savings clause in § 2255(e). (Doc. 1, pp. 7-9).

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his conviction. However, Petitioner argues that § 2255 is not available to him because he has newly discovered evidence and relief under § 2255 has been foreclosed by the Virginia courts. Petitioner relies on the Seventh Circuit's decision in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015). Specifically, he argues that he must show 1) that he was unable to raise issues related to the material falsity of the search warrant affidavits in his first § 2255 proceeding; and 2) that this was not the result of mistake on his part. (Doc. 1, p. 8).

3

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Prior to the Seventh Circuit's decision in *Webster*, the Savings Clause was understood to apply only to changes in the law, not to new facts. *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001); *In re Davenport*, 147 F.3d at 605. *Webster* carved out an exception, holding that there is no categorical bar against use of the Savings Clause to permit hearing a petition for habeas relief in cases where new evidence would show that a specific punishment was constitutionally prohibited.

4

*Webster*, 784 F.3d at 1138-39. However, Petitioner's case is not analogous to *Webster*, despite his arguments to the contrary.

Webster needed to resort to § 2241 because the sentencing court found that he could not raise his new evidence because § 2255(h) only permits a second or successive petition when newly discovered evidence would be sufficient to establish that the petitioner was not guilty of the offense. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . to contain . . . newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;"). Webster was not arguing that he was innocent; instead he was arguing that his death sentence violated the Constitution. *Webster*, 784 F.3d at 1124. That is what the Seventh Circuit found to trigger the savings clause—Webster's inability to argue in a § 2255 proceeding that his death sentence was unconstitutional due to newly discovered evidence. *Id.* at 139.

While Petitioner also relies on newly discovered evidence, the similarities end there. Petitioner is not arguing that new evidence shows that his *sentence* is unconstitutional; he is arguing that his *conviction* is unconstitutional. Section 2255 already permits Petitioner to raise this argument based on newly discovered evidence in a second or successive petition, which he has done. His arguments have been rejected by the trial court. The savings clause does not exist to provide another bite at the apple. *Id.* at 1136 ("In other words, something more than a

lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

*Webster* was careful to note that the holding was narrow, and applied only to cases where the death penalty had been imposed on minors or the intellectually disabled. *Id*. at 1140 ("But this rule cannot apply to all newly discovered evidence, or else there would never be any finality to capital cases involving either the intellectually disabled or minors."). Petitioner has not alleged that he was a minor or intellectually disabled[1] at the time of his crime, and even if he had, this is not a capital case. Moreover, the majority suggested that the appropriate test would be 1) the evidence the petitioner seeks to introduce must have existed at the time of the original proceedings; 2) the evidence must have been unavailable at the time of trial despite reasonable diligence to obtain it; and 3) the evidence must show that the petitioner is constitutionally ineligible for the penalty he received. *Id*. at 1140, n. 9. While the first two elements are debatable in this case, petitioner is not arguing that he is constitutionally ineligible to serve a term of time in a United States prison. Therefore, he does not meet the exception crafted in *Webster.*

Section 2255 gave Petitioner an opportunity to raise the arguments that he makes before this Court. Petitioner has availed himself of that opportunity and been disappointed in the results. That is not the kind of structural problem that

---

[1] "As the Court noted in *Atkins*, the medical community defines intellectual disability according to three criteria: significantly subaverage intellectual functioning, deficits in adaptive functioning (the ability to learn basic skills and adjust behavior to changing circumstances), and the onset of these deficits during the developmental period." *Hall v. Florida*, 134 S.Ct. 1986, 1994 (U.S. 2014).

6

would trigger the savings clause. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("How often to rerun a search for error is a question to which § 2255 speaks directly, and the statutory limitation to a single collateral attack, unless the conditions of § 2255 have been met, does not render § 2255 inadequate or ineffective."). The Court finds that Petitioner has failed to establish that he has triggered the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed for lack of jurisdiction.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

*[Signature: David R. Herndon]*

Judge Herndon
2018.07.16
14:36:38 -05'00'

**United States District Judge**